**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

             Petitioner,

               v.

ENABLE HEALTHCARE, INC.,

             Respondent.

20 Misc. 21


# MEMORANDUM OF LAW IN SUPPORT OF
# THE GOVERNMENT'S PETITION TO ENFORCE COMPLIANCE WITH CID 19-007

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2528

NATASHA W. TELEANU
JACOB M. BERGMAN
Assistant United States Attorneys
– Of Counsel –

## PRELIMINARY STATEMENT

The United States of America (the "Government") seeks to enforce provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA"), that authorize the Government to obtain documentary material and answers to written interrogatories, *id.* § 3733(a)(1)(A), (B).  Here, the Government is investigating whether respondent Enable Healthcare, Inc. ("EHI"), which provides Medicare and Medicaid billing services, has unlawfully altered electronic medical records and/or submitted claims under the names and provider numbers for credentialed physicians when those physicians did not perform or supervise the services rendered.  The Government issued a civil investigative demand ("CID") to EHI on March 15, 2019, seeking documents and information regarding EHI's structure and employees, as well as credentialing, enrolling, and billing on behalf of its client, Orange Medical Care PC ("OMC").  Responses to the CID were due April 15, 2019.  Almost nine months have passed, and EHI has failed to respond at all.

EHI's refusal to comply is impeding the Government's ability to conduct a meaningful and comprehensive investigation.  EHI is required to produce non-privileged materials responsive to the valid and properly served CID issued by the Government, seeking information and documents relevant to a lawful FCA investigation.  As a result of EHI's failure to respond, the Government now seeks judicial intervention to compel EHI to comply.  Accordingly, the Court should grant this petition and order EHI to provide documents and interrogatory responses by February 28, 2020, concerning the topics identified in the Government's CID to EHI.

## BACKGROUND

Medicare and Medicaid rules generally prohibit medical providers from seeking reimbursement from the Medicare or Medicaid program for services rendered by a physician

unless that physician is enrolled with the Medicare and/or Medicaid program when the services are rendered and has reassigned his or her benefits to the billing provider (collectively known as being "credentialed" with the Medicare or Medicaid program).  The Government is investigating, *inter alia,* whether EHI submitted false claims to Medicare and Medicaid for services rendered by physicians, including physicians at OMC, who were not credentialed using the National Provider Identification numbers of other credentialed physicians who did not actually render the services in question.

In early February 2019, the Government reached out to Clemente Mueller, P.C., attorneys representing EHI, to discuss the issuance of a CID.  *See* Declaration of Natasha W. Teleanu ("Teleanu Decl.") ¶ 2.  On March 15, 2019, the Government issued a civil investigative demand to EHI ("CID 19-007") to obtain documents and information in response to written interrogatories.  *See* Teleanu Decl., ¶ 3 & Ex. A.  Specifically, CID 19-007 sought documents sufficient to show EHI's legal and business form, corporate structure, and agreements, contracts and amendments between EHI and OMC, as well as communications regarding credentialing or enrollment of health care providers with OMC, billing information pertaining to OMC, encounter activity reports for patient visits at OMC.  *See id.*  In addition, CID 19-007 posed interrogatories seeking information about EHI employees.  *See id.*[1]  The Government followed up with EHI's counsel about the CID on March 21, 2019.  *See id.* ¶ 4.

After receiving no response from EHI following the April 15, 2019 deadline provided for in CID 19-007, the Government again reached out to EHI's counsel on July 11, 2019, noting that EHI had not responded to the CID, nor had it "attempted to meet and confer regarding any

---

[1] CID 19-007 is largely duplicative of a subpoena issued to EHI by the New York Attorney General's Office.  This Office and the New York Attorney General are coordinating a joint investigation of the same subject matter.  EHI has not responded to the subpoena from the New York Attorney General either.  *See* Teleanu Decl., ¶ 2.

perceived concerns about the CID." *See id.*, ¶ 5 & Ex. B.  The Government instructed EHI to provide its responses immediately, but acknowledged that if EHI "would like to discuss the possibility of providing rolling responses to the CID," the parties should discuss that possibility. *See id.*  Otherwise, the Government would proceed with promptly filing an enforcement action against EHI.  *See id.*  To date, EHI has failed to respond to the CID or to the Government in any manner.  *See id.* ¶ 7.

## ARGUMENT

EHI is required to produce the materials sought by the Government in CID 19-007 because they are squarely relevant to the subject matter of potential violations of the FCA.  The Government's investigation is within the ambit of the FCA.  And EHI has identified no aspect of the CID that is unreasonable, or that would pose an undue burden on EHI.  Rather, EHI has simply ignored the CID altogether.

### A.  The Standard for CID Enforcement Under the FCA.

The authority to issue CIDs under the FCA is intended to "enable the Government to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily."  H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986).  An FCA CID is a type of administrative subpoena.  *See United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995) ("legislative history [shows] that Congress viewed the false claims CID" as "a type of administrative subpoena" analogous to the CID under federal antitrust laws).  Thus, the standard for summary enforcement of an administrative subpoena applies to a petition to enforce under the FCA, *id.* at 975–76 (affirming district court's application of the standard for enforcing administrative subpoenas to a petition to enforce a CID under 31 U.S.C. § 3733(j)); and a court's "role in [reviewing] the enforcement of

an administrative subpoena is a limited one." *Id*. at 976; *accord United States v. AGS Solutions Corp*., 2018 WL 1418023, at \*4 (S.D. Cal. Mar. 22, 2018) (the "scope of judicial review" of FCA CID "is quite narrow"), *report and recommendation adopted at* 2018 WL 3471405; *see also FTC v. Texaco*, 555 F.2d 862, 871-72 (D.C. Cir. 1977*), cert. denied*, 431 U.S. 974 (1977) (the scope of judicial review on a request for enforcement of an administrative subpoena such as a CID is "strictly limited").

Enforcement of an FCA CID is proper as long as the district court finds that (*i*) the inquiry is within the authority of the issuing agency, (*ii*) the information sought is reasonably relevant to that inquiry, and (*iii*) the requests are not too indefinite or unduly burdensome.  *See generally United States v. Powell*, 379 U.S. 48, 57-58 (1964) (enunciating the standard of review for enforcing an administrative subpoena issued by IRS); *see also United States v. Witmer*, 835 F. Supp. 208, 220 (M.D. Pa. 1993) (adopting the *Powell* standard for enforcing a CID under the FCA).  Thus, once the Government has advanced "a plausible argument in support of its assertion of jurisdiction, a district court must enforce the subpoena if the information sought there is not plainly incompetent or irrelevant to any lawful purpose of the [Government]." *EEOC v. Kloster Cruise Ltd*., 939 F.2d 920, 922 (11th Cir. 1991); *see also N.L.R.B. v. Am. Med. Response, Inc.,* 438 F.3d 188, 193 (2d Cir. 2006) ("In enforcing administrative subpoenas, courts broadly interpret relevancy").

### B.  The Government's Investigation is Within the FCA's Jurisdiction.

Knowingly presenting or causing to be presented to the federal government a false or fraudulent claim for payment or approval is prohibited under the FCA.  31 U.S.C. § 3729(a)(1)(A).  The FCA provides civil remedies to the Government against "all fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White,*

*Co.*, 390 U.S. 228, 233 (1968).  Here, the Government seeks to ascertain, among other things, whether or not EHI submitted claims on behalf of credentialed providers when the services were actually rendered by providers who were not yet credentialed by Medicare or Medicaid.

To participate in Medicare and Medicaid, providers must be duly licensed and authorized by the states in which they practice to render professional services. *See* Medicare General Information, Eligibility and Entitlement, Chapter 5, 70.3.  In addition, Medicare and Medicaid providers must be officially enrolled or credentialed with Medicare and Medicaid at their practice locations and assigned provider identification numbers before claims for their services will be accepted for reimbursement, and providers must bill using the correct Medicare and Medicaid provider numbers, "even if that means delaying billing until the physician receives his/her provider number." *See* 65 Fed. Reg. 59434, 59439 n.16 (Oct. 5, 2000).  Thus, the Government is entitled to assert claims under the FCA against EHI if its investigation shows that EHI disregarded its obligation, including by altering electronic medical records, to ensure that accurate Medicare and Medicaid claims were submitted on behalf of OMC providers.

### C.  The Documents and Information Sought by CID 19-007 Regarding EHI's Structure and Employees, As Well As Credentialing, Enrolling, and Billing on Behalf of OMC Are Relevant to the Matters Under Investigation.

Information demanded by a CID must be reasonably relevant to an agency's investigation. *See United States v. Oncology Services Corp.*, 60 F.3d 1015, 1020 (3d Cir. 1995). Relevance is broadly interpreted in the context of enforcing administrative subpoenas. *Texaco, Inc.*, 555 F.2d at 872. So long as the information requested "touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989).

As explained above, the Government is investigating whether EHI has violated the FCA by submitting fraudulent claims to Medicare and Medicaid using the names of credentialed

5

providers at OMC when, in fact, services were rendered by non-credentialed providers.  EHI has

failed to engage with the Government at all about the CID, including failing to respond to the

Government's good-faith attempts to engage about a production timeline.

The documents and information sought from EHI are relevant to the matters under

investigation.  In order for the Government to assess the extent to which EHI submitted false

billing submissions to Medicare and Medicaid, the Government needs to obtain and review

billing, credentialing, and enrollment records.  In addition, the Government is seeking documents

and information related to EHI's structure and personnel, which will allow the Government to

understand how EHI operates, as well as who would have potentially relevant knowledge about

the subject matter of the Government's investigation.  Furthermore, obtaining documents and

information from EHI will allow the Government to identify key individuals for potential

depositions, as well as evaluate additional leads, which would in turn enable the Government to

complete this investigation expeditiously and then make a determination regarding whether to

pursue FCA claims against EHI.  *See* Teleanu Decl. ¶ 7.

### D.  It is Neither Unreasonable Nor Unduly Burdensome to Require EHI to Provide Documents and Information Concerning EHI's Structure, andBusiness Relationship and Dealings with OMC.

EHI, as the recipient of a CID, bears the burden to show that compliance with CID 19-

007 would somehow be unreasonable or unduly burdensome.  *See United States ex rel. Time*

*Warner, Inc.*, 1997 WL 118413, at \*6 (Jan. 22, 1997 D.D.C.) (enforcing CID); *see generally*

*Texaco, Inc.*, 555 F.2d at 882.  Where the investigation "is authorized by law and the materials

sought are relevant to the inquiry, that burden is not easily met." *SEC v. Brigadoon Scotch Distr.*

*Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973).

Here, EHI has not articulated any sufficient justification for refusing to provide

documents and information called sought by CID 19-007.  Indeed, EHI has failed to object at all

to the Government's CID.  Similar conduct in civil litigation would result in a waiver of any objection that might have been available.  *See, e.g.*, *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011).  Moreover, EHI declined to meet and confer with the Government about any perceived concerns with the CID.  EHI has made no attempt or showing that it would be unreasonable or unduly burdensome to respond to CID 19-007; rather, EHI has simply failed to respond at all.  EHI's conduct undermines FCA by frustrating the Government's investigation into EHI's potential FCA violations.

## CONCLUSION

For the reasons above, the Government respectfully requests that the Court grant its petition and order EHI to produce the documents and information identified in CID 19-007 by February 28, 2020.

Dated: January 10, 2020
       New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:    /s/ *Natasha W. Teleanu*
       NATASHA W. TELEANU
       JACOB M. BERGMAN
       Assistant United States Attorneys
       86 Chambers Street, 3rd Floor
       New York, NY 10007
       Tel. No.: (212) 637-2528/2776
       Fax No.: (212) 637-2686
       E-mail:  natasha.teleanu@usdoj.gov
                jacob.bergman@usdoj.gov