UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Petitioner,

v.

ENABLE HEALTHCARE, INC.,

                Respondent.

**ORDER**

20 Misc. 21 (ER)

RAMOS, D.J.

On January 10, 2020, the Department of Justice ("DOJ") filed a petition to enforce a civil investigative demand issued in its investigation of Enable Healthcare Inc. ("Enable Healthcare") under the False Claims Act, 31 U.S.C. § 3729 *et seq*. Doc. 1. On February 5, 2020, Enable Healthcare opposed. Doc. 10. For the reasons set forth below, DOJ's petition is granted.

**I.  Background**

DOJ, along with the New York Attorney General's Office ("NYAG"), is investigating whether Enable Healthcare submitted false claims to Medicare and Medicaid for services rendered by physicians who are not enrolled with either program by submitting those claims using the credentials of physicians who are enrolled. Doc. 1 at 1-2 & n.1. Following an attempt to communicate with Enable Healthcare's counsel, on March 15, 2019, DOJ issued Civil Investigative Demand No. 19-007 (the "Demand") to Enable Healthcare. *Id.* at 2. The Demand seeks information regarding Enable Healthcare's legal and business form, corporate structure, agreements with its client Orange Medical Care PC ("Orange Medical"), and its credentialing, enrolling, and billing on behalf of that client. *Id.* The Demand is duplicative of a subpoena issued by NYAG. *Id.* at 2 n.1. According to DOJ, Enable Healthcare has not responded to either subpoena, or either issuing agency's further attempts to communicate. *Id.* at 2-3 & n.1. DOJ contends that Enable Healthcare's response will help identify important leads in its investigation.

Docs. 1 at 6, 4 at ¶ 7.

On January 10, 2020, DOJ petitioned to enforce the Demand. Doc. 1. DOJ explained that the investigation falls within the ambit of the False Claims Act, the documents sought are relevant to the investigation, and Enable Healthcare has not objected that the Demand is unduly burdensome. *Id.* at 3-7. On January 24, 2020, the Court issued an order to show cause why an order should not issue directing Enable Healthcare to comply with the Demand. Doc. 7.

On February 5, 2020, counsel for Enable Healthcare submitted a declaration in opposition. Doc. 10. Enable Healthcare insinuates that it should not be the subject of an investigation because while it transmitted claims to insurance companies, posted payments, and reconciled accounts for Orange Medical, all insurance coding was performed by Orange Medical. *Id.* at ¶¶ 6, 10-15, 30-31. Enable Healthcare further represents that it had negotiated with NYAG regarding the scope of the subpoena, and had raised concerns about confidentiality that had gone unresolved. *Id.* at ¶¶ 16-27. Enable Healthcare also implies that the Demand is "unduly burdensome." *Id.* at ¶ 32.

## II.     Discussion

The Federal Claims Act "focus[es] . . . on those who present or directly induce the submission of false or fraudulent claims . . . . to the government for payment as well as claims for reimbursement under federal benefits programs." *U.S. ex el. O'Toole v. Cmty. Living Corp.*, No. 17 Civ. 4007 (KPF), 2020 WL 2512099, at *8 (S.D.N.Y. May 14, 2020) (citations omitted). Section 3733 of the False Claim Act empowers the Attorney General or a designee to issue civil investigative demands for documents or interrogatory responses from any person they "ha[ve] reason to believe . . . may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation[.]" §§ 3733(a)(1)(A)-(B).

"[C]ivil investigative demands are administrative subpoenas." *U.S. v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995) (citing *F.T.C. v. Invention Submission Corp.*, 965 F.2d 1086, 1087 (D.C. Cir. 1992)). District courts have a limited role in reviewing administrative subpoenas "because judicial supervision of agency decisions to investigate might hopelessly entangle the courts in

areas that would prove to be unmanageable and would certainly throw great amounts of sand into the gears of the administrative process." *Univ. of Med. and Dentistry of N.J. v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) (citations omitted); *see also S.E.C. v. Comm. on Ways and Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 214 (S.D.N.Y. 2015) ("The courts' role in a proceeding to enforce an administrative subpoena is extremely limited.") (citation omitted). Accordingly, "[i]t is well established that a district court must enforce a federal agency's investigative subpoena if the information sought is reasonably relevant—or, put differently, not plainly incompetent or irrelevant to any lawful purpose of the" agency. *F.T.C.*, 965 F.2d at 1089 (citations omitted).

District courts may therefore enforce an administrative subpoena where the agency has shown "(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the [agency's] possession, and (4) that the administrative steps required have been followed." *Comm. on Ways and Means*, 161 F. Supp. 3d at 214. The respondent who opposes enforcing a subpoena "must shoulder the burden of showing that the subpoena is unreasonable or was issued in bad faith or for an improper purpose, or that compliance would be unnecessarily burdensome." *Id.* at 215 (citations omitted).

DOJ satisfies these conditions. DOJ is conducting an ongoing investigation into federal benefit fraud, the exact behavior the False Claims Act is meant to prevent. *O'Toole*, 2020 WL 2512099, at *8. The documents sought by DOJ are also relevant to its investigation. Document requests and interrogatories related to Enable Healthcare's billing, enrolling, and credentialing for Orange Medical are directly related to any potential fraudulent activity. The remaining requests pertaining to Enable Healthcare's structure, personnel, and agreements with Orange Medical are aimed at determining those at Enable Healthcare with knowledge of the potential fraud. This information will help identify key leads and sources of information to further DOJ's investigation.

Although DOJ does not explicitly argue that the relevant administrative steps have been

3

followed, Enable Healthcare does not challenge the Demand on that basis.  Instead, Enable Healthcare argues that it is not the proper subject of inquiry because it played a limited role with respect to Orange Medical's billing, that counsel had negotiated the scope of the subpoena with NYAG, that counsel's concerns regarding patient confidentiality had yet to be resolved, and that the subpoena is burdensome.  Doc. 10 at ¶¶ 6, 10-27, 30-32.  None of these arguments have merit.

The nature of the work Enable Healthcare did for Orange Medical may mean that Enable Healthcare possesses less information relevant to DOJ's investigation, but does not diminish the relevance of the information Enable Healthcare does possess to DOJ's investigation.  In addition, any communications Enable Healthcare had with NYAG about the subpoena issued by NYAG is irrelevant to the Demand, which was issued by DOJ.

Enable Healthcare's patient confidentiality concerns are similarly misguided.  DOJ is a health oversight agency under the Health Insurance Portability and Accountability Act ("HIPAA").  45 C.F.R. § 164.501.  Pursuant to HIPAA, "[a] covered entity may disclose protected health information to a health oversight agency for oversight activities authorized by law, including . . . administrative . . . investigations[.]"  § 164.512(d)(1).

Finally, Enable Healthcare's vague assertion that the subpoena is burdensome is insufficient to defeat DOJ's petition.  Indeed, "courts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business."  *F.T.C. v. Texaco, Inc.*, 555 F.2d 862, 882 (D.C. Cir. 1977).

Accordingly, the DOJ's petition is granted.  The Clerk is respectfully directed to close the case.

It is SO ORDERED.

Dated: March 8, 2021
      New York, New York

                                                    Edgardo Ramos, U.S.D.J.